| Debtor 1 | COREY ALLEN FARRIS | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: Middle District of Pennsylvania

Case number (if known) **20-03426**

## Official Form 427

# Cover Sheet for Reaffirmation Agreement

12/15

Anyone who is a party to a reaffirmation agreement may fill out and file this form. Fill it out completely, attach it to the reaffirmation agreement, and file the documents within the time set under Bankruptcy Rule 4008.

### Part 1: Explain the Repayment Terms of the Reaffirmation Agreement

**1. Who is the creditor?**

Westlake Financial Services
Name of the creditor

**2. How much is the debt?**

On the date that the bankruptcy case is filed $ 21,064.21

To be paid under the reaffirmation agreement $ 21,064.21

$ 471.12 per month for 59 months (if fixed interest rate)

**3. What is the Annual Percentage Rate (APR) of interest? (See Bankruptcy Code § 524(k)(3)(E).)**

Before the bankruptcy case was filed 11.99 %

Under the reaffirmation agreement 11.99 % ☑ Fixed rate
☐ Adjustable rate

**4. Does collateral secure the debt?**

☐ No
☑ Yes. Describe the collateral. 2016 SUBARU CROSSTREK

Current market value $ 16,786.00

**5. Does the creditor assert that the debt is nondischargeable?**

☑ No
☐ Yes. Attach an explanation of the nature of the debt and the basis for contending that the debt is nondischargeable.

**6. Using information from Schedule I: Your Income (Official Form 106I) and Schedule J: Your Expenses (Official Form 106J), fill in the amounts.**

Income and expenses reported on Schedules I and J | Income and expenses stated on the reaffirmation agreement

6a. Combined monthly income from line 12 of Schedule I $ 5,085.32 | 6e. Monthly income from all sources after payroll deductions $ 5,085.32

6b. Monthly expenses from line 22c of Schedule J − $ 4,964.00 | 6f. Monthly expenses − $ 4,964.00

6c. Monthly payments on all reaffirmed debts not listed on Schedule J − $ 0 | 6g. Monthly payments on all reaffirmed debts not included in monthly expenses − $ 0

6d. Scheduled net monthly income $ 121.32
Subtract lines 6b and 6c from 6a.
If the total is less than 0, put the number in brackets. | 6h. Present net monthly income $ 121.32
Subtract lines 6f and 6g from 6e.
If the total is less than 0, put the number in brackets.

Case 1:20-bk-03426-HWV    Doc 20    Filed 01/21/21    Entered 01/21/21 12:03:59    Desc
Main Document     Page 1 of 20

7. Are the income amounts on lines 6a and 6e different?  ☒ No  ☐ Yes. Explain why they are different and complete line 10. _____

_____

8. Are the expense amounts on lines 6b and 6f different?  ☒ No  ☐ Yes. Explain why they are different and complete line 10. _____

_____

9. Is the net monthly income in line 6h less than 0?  ☒ No  ☐ Yes. A presumption of hardship arises (unless the creditor is a credit union). Explain how the debtor will make monthly payments on the reaffirmed debt and pay other living expenses. Complete line 10.

_____

_____

10. Debtor's certification about lines 7-9

If any answer on lines 7-9 is Yes, the debtor must sign here.

If all the answers on lines 7-9 are No, go to line 11.

I certify that each explanation on lines 7-9 is true and correct.

✗ _____          ✗ _____
Signature of Debtor 1                 Signature of Debtor 2 (Spouse Only in a Joint Case)

11. Did an attorney represent the debtor in negotiating the reaffirmation agreement?  ☐ No  ☒ Yes. Has the attorney executed a declaration or an affidavit to support the reaffirmation agreement?
   ☐ No
   ☒ Yes

## Part 2:  Sign Here

Whoever fills out this form must sign here.

I certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this *Cover Sheet for Reaffirmation Agreement.*

DocuSigned by:
✗ _Sally Beltran_____          Date  1/21/2021
    435ED81483EC481.
Signature                                        MM / DD / YYYY

**Sally Beltran**
Printed Name

Check one:

☐ Debtor or Debtor's Attorney
☒ Creditor or Creditor's Attorney

☐ **Presumption of Undue Hardship**
☒ **No Presumption of Undue Hardship**
(Check box as directed in Part D: Debtor's Statement
in Support of Reaffirmation Agreement.)

# UNITED STATES BANKRUPTCY COURT

Middle District of Pennsylvania

In re  COREY ALLEN FARRIS            ,            Case No.  20-03426
                        Debtor                         Chapter  7

## REAFFIRMATION AGREEMENT

*[Indicate all documents included in this filing by checking each applicable box.]*

☒ Part A: Disclosures, Instructions, and            ☐ Part D: Debtor's Statement in
    Notice to Debtor (pages 1 - 5)                   Support of Reaffirmation Agreement

☒ Part B: Reaffirmation Agreement                   ☐ Part E: Motion for Court Approval

☐ Part C: Certification by Debtor's Attorney

*[Note: Complete Part E only if debtor was not represented by an attorney during
the course of negotiating this agreement. Note also: If you complete Part E, you must
prepare and file Form 2400C ALT - Order on Reaffirmation Agreement.]*

**Name of Creditor:** Westlake Financial Services

☐ *[Check this box if]* Creditor is a Credit Union as defined in §19(b)(1)(a)(iv) of the
Federal Reserve Act

## PART A: DISCLOSURE STATEMENT, INSTRUCTIONS AND NOTICE TO DEBTOR

### 1.    DISCLOSURE STATEMENT

*Before Agreeing to Reaffirm a Debt, Review These Important Disclosures:*

### SUMMARY OF REAFFIRMATION AGREEMENT

This Summary is made pursuant to the requirements of the Bankruptcy Code.

### AMOUNT REAFFIRMED

The amount of debt you have agreed to reaffirm:            $      21,064.21

*The amount of debt you have agreed to reaffirm includes all fees and costs (if any) that have
accrued as of the date of this disclosure. Your credit agreement may obligate you to pay additional
amounts which may come due after the date of this disclosure. Consult your credit agreement.*

## ANNUAL PERCENTAGE RATE

*[The annual percentage rate can be disclosed in different ways, depending on the type of debt.]*

a. If the debt is an extension of "credit" under an "open end credit plan," as those terms are defined in § 103 of the Truth in Lending Act, such as a credit card, the creditor may disclose the annual percentage rate shown in (i) below or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

(i) The Annual Percentage Rate disclosed, or that would have been disclosed, to the debtor in the most recent periodic statement prior to entering into the reaffirmation agreement described in Part B below or, if no such periodic statement was given to the debtor during the prior six months, the annual percentage rate as it would have been so disclosed at the time of the disclosure statement: _____%.

*--- And/Or ---*

(ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: _____%. If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:

$ _____ @ _____ %;
$ _____ @ _____ %;
$ _____ @ _____ %.

b. If the debt is an extension of credit other than under than an open end credit plan, the creditor may disclose the annual percentage rate shown in (I) below, or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

(i) The Annual Percentage Rate under §128(a)(4) of the Truth in Lending Act, as disclosed to the debtor in the most recent disclosure statement given to the debtor prior to entering into the reaffirmation agreement with respect to the debt or, if no such disclosure statement was given to the debtor, the annual percentage rate as it would have been so disclosed: _____%.

*--- And/Or ---*

(ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: _____11.99 %. If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:

$ _____ @ _____ %;
$ _____ @ _____ %;
$ _____ @ _____ %.

c. If the underlying debt transaction was disclosed as a variable rate transaction on the most recent disclosure given under the Truth in Lending Act:

The interest rate on your loan may be a variable interest rate which changes from time to time, so that the annual percentage rate disclosed here may be higher or lower.

d. If the reaffirmed debt is secured by a security interest or lien, which has not been waived or determined to be void by a final order of the court, the following items or types of items of the debtor's goods or property remain subject to such security interest or lien in connection with the debt or debts being reaffirmed in the reaffirmation agreement described in Part B.

| Item or Type of Item | Original Purchase Price or Original Amount of Loan |
|---|---|
| 2016 SUBARU CROSSTREK | $ 21,106.75 |

*Optional---At the election of the creditor, a repayment schedule using one or a combination of the following may be provided:*

**Repayment Schedule:**

Your first payment in the amount of $ **471.12** is due on **12/14/2020** (date), but the future payment amount may be different. Consult your reaffirmation agreement or credit agreement, as applicable. And, monthly installments in the amount of **471.12** commencing **01/14/2021** and continuing on the **14** day of each succeeding month with the remaining balance due on or before **10/14/2025** .

*— Or —*

Your payment schedule will be: _____ (number) payments in the amount of $_____ each, payable (monthly, annually, weekly, etc.) on the _____ (day) of each _____ ( week, month, etc.), unless altered later by mutual agreement in writing.

*— Or —*

A reasonably specific description of the debtor's repayment obligations to the extent known by the creditor or creditor's representative.

## 2. INSTRUCTIONS AND NOTICE TO DEBTOR

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5. The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6. If the creditor is not a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D. If the creditor is a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court.

7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you and the creditor of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

# YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT

You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).

## Frequently Asked Questions:

What are your obligations if you reaffirm the debt? A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

Are you required to enter into a reaffirmation agreement by any law? No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

What if your creditor has a security interest or lien? Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the property securing the lien if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you must make a single payment to the creditor equal to the amount of the allowed secured claim, as agreed by the parties or determined by the court.

> **NOTE:** When this disclosure refers to what a creditor "may" do, it does not use the word "may" to give the creditor specific permission. The word "may" is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

## PART B: REAFFIRMATION AGREEMENT.

I (we) agree to reaffirm the debts arising under the credit agreement described below.

1. Brief description of credit agreement: The Borrower(s) agrees to pay the remaining principal amount of $ 20,919.90 , plus finance charges on the unpaid balance at the rate of 11.99%, and any/all fees associated with this loan as described within the original contact and according to the repayment schedule stated on page 3.

2. Description of any changes to the credit agreement made as part of this reaffirmation agreement:

SIGNATURE(S):

Borrower:                                               Accepted by creditor:

COREY ALLEN FARRIS                                      Westlake Financial Services

(Print Name)                                            (Printed Name of Creditor)
                                                        4751 Wilshire Blvd., Suite 100
                                                        Los Angeles, CA 90010
(Signature)                                             (Address of Creditor)

Date: 01/07/21                                          DocuSigned by:
                                                        Sally Beltran
                                                        435ED81483EC481
                                                        (Signature)

                                                        Sally Beltran

Co-borrower, if also reaffirming these debts:

                                                        (Printed Name and Title of Individual
(Print Name)                                            Signing for Creditor)


(Signature)                                             Date of creditor acceptance:

Date:                                                   1/21/2021

## PART C: CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY).

*[To be filed only if the attorney represented the debtor during the course of negotiating this agreement.]*

I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ *[Check box, if applicable and the creditor is not a Credit Union.]* A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

Printed Name of Debtor's Attorney: ___Nicholas G. Platt___

Signature of Debtor's Attorney: _____

Date: _1-11-21_____

B2400A/B ALT (Form 2400A/B ALT) (12/15)

# PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

*[Read and complete sections 1 and 2, OR, if the creditor is a Credit Union and the debtor is represented by an attorney, read section 3. Sign the appropriate signature line(s) and date your signature. If you complete sections 1 and 2 and your income less monthly expenses does not leave enough to make the payments under this reaffirmation agreement, check the box at the top of page 1 indicating "Presumption of Undue Hardship." Otherwise, check the box at the top of page 1 indicating "No Presumption of Undue Hardship"]*

1. I believe this reaffirmation agreement will not impose an undue hardship on my dependents or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $ 5,065.32, and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $4,492.88, leaving $ 593.44 to make the required payments on this reaffirmed debt.

I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the court. However, this presumption may be overcome if I explain to the satisfaction of the court how I can afford to make the payments here: _____

_____

_____ .

(Use an additional page if needed for a full explanation.)

2. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed: _____
(Debtor)

_____
(Joint Debtor, if any)

Date: 01/07/2021

— *Or* —

*[If the creditor is a Credit Union and the debtor is represented by an attorney]*

3. I believe this reaffirmation agreement is in my financial interest. I can afford to make the payments on the reaffirmed debt. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed: _____
(Debtor)

_____
(Joint Debtor, if any)

Date: _____

## PART E: MOTION FOR COURT APPROVAL

*[To be completed and filed only if the debtor is not represented by an attorney during the course of negotiating this agreement.]*

### MOTION FOR COURT APPROVAL OF REAFFIRMATION AGREEMENT

I (we), the debtor(s), affirm the following to be true and correct:

I am not represented by an attorney in connection with this reaffirmation agreement.

I believe this reaffirmation agreement is in my best interest based on the income and expenses I have disclosed in my Statement in Support of this reaffirmation agreement, and because (provide any additional relevant reasons the court should consider):

Therefore, I ask the court for an order approving this reaffirmation agreement under the following provisions (*check all applicable boxes*):

□ 11 U.S.C. § 524(c)(6) (debtor is not represented by an attorney during the course of the negotiation of the reaffirmation agreement)

□ 11 U.S.C. § 524(m) (presumption of undue hardship has arisen because monthly expenses exceed monthly income)

Signed: _____
       (Debtor)

       _____
       (Joint Debtor, if any)

Date: _____

# Wholesale/Retail BreakDown

# Kelley Blue Book

# 11/27/2020 - 12/03/2020

2016 Subaru Crosstrek 2.0i Premium Sport Utility 4D          $15,974 / $17,045

### VIN: JF2GPADC9G8262598

4-Cyl, PZEV, 2.0 Liter...................................................... Included
Auto, CVT w/Manual Mode.......................................... Included
AWD................................................................................ Included

### ***Equipment***

| | | | |
|---|---|---|---|
| Power Tailgate Release........ | Included | AM/FM/HD Radio............... | Included |
| Hill Start Assist Control...... | Included | CD/MP3 (Single Disc).......... | Included |
| Traction Control.................. | Included | SiriusXM Satellite............... | Included |
| Stability Control.................. | Included | Bluetooth Wireless............... | Included |
| ABS (4-Wheel)...................... | Included | Backup Camera.................... | Included |
| Alarm System....................... | Included | Dual Air Bags...................... | Included |
| Keyless Entry....................... | Included | Side Air Bags....................... | Included |
| Air Conditioning.................. | Included | F&R Head Curtain Air Bag | Included |
| Power Windows.................... | Included | Knee Air Bags...................... | Included |
| Power Door Locks................ | Included | Heated Seats......................... | Included |
| Cruise Control..................... | Included | Daytime Running Lights...... | Included |
| Power Steering..................... | Included | Fog Lights............................ | Included |
| Tilt & Telescoping Wheel.... | Included | Alloy Wheels....................... | Included |

Total Value without mileage.................................... $15,974 / $17,045
Mileage adjustment (72322) miles........................... ($259)

*** Total Wholesale/Retail Value................................ $15,715 / $16,786

### WESTLAKE FINANCIAL
4751 Wilshire Blvd Ste 100, Los Angeles, CA 90010
(352) 368-5766

11/27/2020 - 12/03/2020 Kelley Blue Book values for 90010
Values are subjective opinions. Kelley Blue Book assumes no responsibility for errors or omissions
© Copyright Kelley Blue Book 2010, all rights reserved

PA-103-ARB 10/10/2015

# Retail Installment Contract and Security Agreement

| Seller Name and Address | Buyer(s) Name(s) and Address(es) | Summary | |
|---|---|---|---|
| Kyner's Auto Sales Inc.<br>2040 Lincoln Way E<br>Chambersburg, PA 17202 | Corey A Farris | No. | App# ████████ |
| | | Date | 10/3/2020 |

☐ Business, commercial or agricultural purpose Contract.

## Truth-In-Lending Disclosure

| Annual Percentage Rate<br>The cost of your credit as a yearly rate. | Finance Charge<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid when you have made all scheduled payments. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of |
|---|---|---|---|---|
| 11.99 % | $ 7160.45 | $ 21106.75 | $ 28267.20 | $ 1350.00<br>$ 29617.20 |

**Payment Schedule.** Your payment schedule is:

| No. of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| | $ | |
| 60 | $ 471.12 | Monthly, Beginning 11/14/20 |
| | $ | |

**Security.** You are giving us a security interest in the Property purchased.

**Late Charge.** If all or any portion of a payment is not received in full within 10 days after it is due, you will pay a late charge. The charge will be 2% of the part of the payment that is late. If the Vehicle is a heavy commercial motor vehicle, the charge will be 4% of the part of the payment that is late.

**Prepayment.** If you pay off this Contract early, you will not have to pay a penalty.

**Contract Provisions.** You can see the terms of this Contract for any additional information about nonpayment, breaking the terms of this Contract, any required repayment before the scheduled date, and prepayment refunds and penalties.

**Buyer Restrictions.** If you do not meet this Contract's obligations, you may lose the property that you bought in this sale.

## Description of Property

| Year | Make | Model | Style | Vehicle Identification Number | Odometer Mileage |
|---|---|---|---|---|---|
| 2016 | Subaru | Crosstrek | SUV | JF2GPADC9G8262598 | 71072 |

☐ New
☒ Used
☐ Demo

Other:

## Description of Trade-In

N/A

## Conditional Delivery

☐ **Conditional Delivery.** If checked, you agree that the following agreement regarding securing financing ("*Agreement*") applies: _____ . The Agreement is part of this Contract. The Agreement will no longer control after the assignment is accepted. If there are any conflicts between the terms of the Agreement and the Contract, the terms of this Contract will apply.

## Sales Agreement

**Payment.** You promise to pay us the Amount Financed and Finance Charge according to the payment schedule as provided in the *Truth-in-Lending Disclosure* above. The Finance Charge is figured at the Annual Percentage Rate on the unpaid part of the Amount Financed until paid in full. Finance Charges accrue on a daily basis. Each payment will be applied, in any order that we determine, to earned and unpaid Finance Charges, to the unpaid part of the Amount Financed, and to other charges and amounts you owe under this Contract. You agree to pay late charges as provided in the *Truth-In-Lending Disclosure*. You also agree to pay any additional amounts according to this Contract's terms.

You understand and agree that some payments to third parties as a part of this Contract may involve money retained by us or paid back to us as commissions or other remuneration.

**Down Payment.** You also agree to pay or apply to the Total Cash Price, on or before the date of this Contract, any cash, rebate and net trade-in value described in the *Itemization of Amount Financed.*

NOT FOR USE IN TRANSACTIONS SECURED BY A DWELLING

The original document is owned by Westlake Services, LLC d.b.a. Westlake Financial Services and is held by it, as Custodian, on behalf of Wells Fargo Bank, National Association, as Agent and Secured Party. This copy was created on Oct 03, 2020 06:37:26 AM.

## Itemization of Amount Financed

| | | | |
|---|---|---|---|
| 1a. | Cash price of motor vehicle | $ | 17995.00 |
| 1b. | Government taxes | $ | 1199.70 |
| 1c. | Accessories and installation | $ | N/A |
| 1d. | Delivery charge | $ | N/A |
| 1e. | Doc Fee | $ | 199.00 |
| 1f. | | $ | N/A |
| 1g. | | $ | N/A |
| 1h. | | $ | N/A |
| 1. | **Total Cash Price of Motor Vehicle** (1a thru 1h) | $ | 19393.70 |
| 2a. | Trade-in allowance | $ | N/A |
| 2b. | Less: Amount owing paid to: | $ | N/A |
| 2c. | Net Trade-In (2a minus 2b) | $ | N/A |
| 2d. | Plus cash payment | $ | 1350.00 |
| 2e. | Plus manufacturer's rebate | $ | N/A |
| 2f. | Plus (Other) | $ | N/A |
| 2. | **Total Down Payment** (if negative, enter $0 and see 4a.) | $ | 1350.00 |
| 3. | **Unpaid Cash Price Balance** (1 minus 2) | $ | 18043.70 |
| 4a. | Prior credit or lease balance payment on Trade-in (paid to same as 2b.) | $ | N/A |
| 4b. | Insurance premiums paid to insurance company(ies) | $ | N/A |
| 4c. | Paid to Public Officials (incl. filing fees) | $ | N/A |
| 4d. | (Optional) Service Contract paid to: us warranty | $ | 2000.00 |
| 4e. | (Optional) Service Contract paid to: | $ | N/A |
| 4f. | Optional Gap Waiver (Debt Cancellation) paid to Seller | $ | 895.00 |
| 4g. | Reg Fee pd to | $ | 38.00 |
| 4h. | Title Fee pd to | $ | 55.00 |
| 4i. | Filing Fee pd to | $ | 26.00 |
| 4j. | Plate Fee pd to | $ | 32.00 |
| 4k. | Notary Fee pd to | $ | 17.05 |
| 4l. | pd to | $ | N/A |
| 4m. | pd to | $ | N/A |
| 4n. | pd to | $ | N/A |
| 4o. | pd to | $ | N/A |
| 4p. | pd to | $ | N/A |
| 4. | **Total Other Charges and Amounts Paid to Others on Your Behalf** (4a thru 4p) | $ | 3063.05 |
| 5. | **Amount Financed** (3+4) | $ | 21106.75 |
| 6. | **Finance Charge** | $ | 7160.45 |
| 7. | **Time Balance** (5+6) | $ | 28267.20 |

**We may retain or receive a portion of any amount paid to others.**

[This area intentionally left blank.]

## Insurance Disclosures

**Credit Insurance.** Credit life insurance and credit disability insurance are not required to obtain credit and are not a factor in the credit decision. In general, if you die, credit life insurance pays the unpaid part of the amount financed, assuming you made all payments on time. In general, credit disability insurance pays the scheduled payments due under this Contract while you are disabled. This insurance does not cover any increase in your payment or in the number of payments. The policies or certificates issued by the named insurance companies may further limit the coverage that credit life or credit disability insurance provides. You will not receive credit life insurance and credit disability insurance unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below only the coverages you have chosen to purchase.

**Credit Life**

☐ Single    ☐ Joint    ☒ None

Premium $ N/A _____ Term _____

Insured _____

**Credit Disability**

☐ Single    ☐ Joint    ☒ None

Premium $ N/A _____ Term _____

Insured _____

You want the credit insurance coverages indicated.

N/A

**By:** _____ **DOB**

N/A

**By:** _____ **DOB**

N/A

**By:** _____ **DOB**

**Property Insurance.** In general, property insurance pays for the repair or replacement of the Property if it is damaged, destroyed, or stolen. See the policies or certificates for coverage limits and other terms and conditions. You must insure the Property securing this Contract. You may provide the insurance through existing policies. You may also provide the insurance by purchasing it through any insurance company allowed by law to do business in Pennsylvania or in the state in which the Vehicle is registered and titled. The deductible amount for the insurance may not exceed $ N/A . If you get insurance from or through us you will pay $ N/A for 0 months of coverage.

This property insurance premium is calculated as follows:

| | | | | |
|---|---|---|---|---|
| ☐ | $ N/A | Deductible, Collision Cov. | $ | N/A |
| ☐ | $ N/A | Deductible, Comprehensive | $ | N/A |
| ☐ | | Fire-Theft and Combined Additional Cov. | $ | N/A |
| ☐ | | | $ | N/A |

**Liability insurance coverage for bodily injury and motor vehicle damage caused to others is not included in this Contract unless checked and indicated.**

The property insurance must protect against loss and physical damage. You must name us as beneficiary on the insurance policy. We may require additional security before we allow you to use insurance proceeds to repair or replace the Property. You will pay all amounts that insurance does not cover.

If you fail to obtain or keep insurance or to name us as beneficiary, we may obtain insurance to protect your interest and our interest in the Property. We will add the cost of insurance to the amount you owe us. Any amount we pay for insurance is due immediately. This amount will earn finance charges from the date paid at the rate described in the *Payment* section until paid in full.

Retail Installment Contract-PA
Bankers Systems™ VMP®
Wolters Kluwer Financial Services © 2015

NOT FOR USE IN TRANSACTIONS SECURED BY A DWELLING

WLK-MVLFAZ-PA 12/2/2016

Page 2 of 7

Case 1:20-bk-03426-HWV    Doc 20    Filed 01/21/21    Entered 01/21/21 12:03:59    Desc
Main Document
The original document is owned by Westlake Services, LLC d.b.a. Westlake Financial Services and is held by it, as Custodian,
on behalf of Wells Fargo Bank, National Association, as Agent and Secured Party. This copy was created on Oct 03, 2020 06:37:26 AM.

## Additional Protections

You may buy any of the following voluntary protection plans. They are not required to obtain credit, are not a factor in the credit decision, and are not a factor in the terms of the credit or the related sale of the Vehicle. The voluntary protections will not be provided unless you sign and agree to pay the additional cost.

Your signature below means that you want the described item and that you have received and reviewed a copy of the contract(s) for the product(s). If no coverage or charge is given for an item, you have declined any such coverage we offered.

☒ Service Contract

Term      60 months or 48000 miles

Price      $ 2000.00

Coverage

☒ Optional Gap Waiver (Debt Cancellation)

Term      60 months

Price      $ 895.00

Coverage

☐

Term

Price      $ N/A

Coverage



eSigned By:

*Corey Farris*

Oct 03, 2020 6:36:18 AM PDT     10/3/2020

By: Corey A Farris             Date

By:                                Date

By:                                Date

## Additional Terms of the Sales Agreement

**Definitions.** "*Contract*" refers to this Retail Installment Contract and Security Agreement. The pronouns "*you*" and "*your*" refer to each Buyer signing this Contract, and any guarantors, jointly and individually. The pronouns "*we*", "*us*" and "*our*" refer to the Seller and any entity to which it may transfer this Contract. "*Vehicle*" means each motor vehicle described in the *Description of Property* section. "*Property*" means the Vehicle and all other property described in the *Description of Property* and *Additional Protections* sections. "*Heavy commercial motor vehicle*" means a new or used motor vehicle (other than a recreational vehicle) that is a truck or truck tractor having a manufacturer's gross vehicular weight of 13,000 pounds or more, or a semitrailer or trailer designed for use in combination with a truck or truck tractor.

**Purchase of Property.** You agree to purchase the motor vehicle (Vehicle) and services described in the Description of Property section from Seller. You agree to purchase the Vehicle from us on the terms of this Contract and security agreement (Contract). You understand that we are selling you the Vehicle in its present condition.

**Total Sale Price.** We gave you the opportunity to purchase the Vehicle and described services for the Total Cash Price or the **Total Sale Price**. The **Total Sale Price** is the total price of the Vehicle and any services if you buy them over a period of time. You are purchasing the items over a period of time.

The **Total Sale Price** shown in the **Truth-in-Lending Disclosure** assumes that you will make all payments as scheduled. The actual amount you will pay will be more if you pay late and less if you pay early. This may cause your final payment to be more or less than

the scheduled amount, or, at our option, we may require more or fewer payments of the scheduled amount with an adjusted final payment.

We charge and collect finance charges. These charges are not more than state or federal law allows. If you pay a finance charge or fee that is more than state or federal law allows, we will apply the charge or fee first to reduce what you owe and refund any excess to you.

You agree that the Property will not be used as a dwelling.

**Prepayment.** You may prepay this Contract in full or in part at any time without penalty. Any partial prepayment will not excuse any later scheduled payments. If we get a refund of any unearned insurance premiums that you paid, you agree that we may subtract the refund from the amount you owe, unless otherwise provided by law.

**Governing Law and Interpretation.** This Contract is governed by the law of Pennsylvania and applicable federal law and regulations.

If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract. You authorize us to correct any clerical error or omissions in this Contract or in any related document.

Any provision that appoints us as an agent is not subject to the provisions of 20 Pa.C.S.A. Section 5601 *et seq.* (Chapter 56; Decedents, Estates and Fiduciaries Code). We, by exercising any of our rights under this Contract, do so for the sole benefit of us.

**Name and Location.** Your name and address set forth in this Contract are your exact legal name and your principal residence. You will provide us with at least 30 days notice before you change your name or principal residence.

**Telephone Monitoring and Calling.** You agree that we may from time to time monitor and record telephone calls made or received by us or our agents regarding your account to assure the quality of our service. In order for us to service the account or to collect any amounts you may owe, and subject to applicable law, you agree that we may from time to time make calls and send text messages to you using prerecorded/artificial voice messages or through the use of an automatic dialing device at any telephone number you provide to us in connection with your account, including a mobile telephone number that could result in charges to you.

**Breaking the Terms of this Contract.** You agree that the following are additional terms of this Contract. You will have broken the terms of this Contract if you fail to perform any obligation that you have undertaken in this Contract, except as prohibited by law.

If you break any of the terms of this Contract, you agree to pay our costs for collecting amounts owing, including court costs and fees for repossession, repair, storage and sale of the Property securing this Contract. In addition, you agree to pay reasonable attorneys' fees to the extent permitted by law if the Property is taken through legal action.

If there is more than one of you and any one of you breaks any agreement made in this Contract, we may exercise our rights against each of you or all of you.

**Seller's Rights.** If you break any of the terms of this Contract, we have all of the remedies provided by law and this Contract, subject to any opportunity to cure we may offer and you may exercise. Those remedies include:

◆ We may pay taxes, fees, expenses, or charges on the Property or make repairs to the Property if you have not done so. We are not required to do so. We will add any amount we pay to the amount you owe us, as allowed by law. This amount is due immediately. This amount will earn finance charges from the date we paid it at the rate described in the *Payment* section until paid in full.

◆ We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.

◆ We may immediately take back the Property by lawful means. In taking the Property, we may not unlawfully enter onto your premises or cause a public disturbance.

◆ We may sell the Property. We may apply amounts we receive as provided by law to our reasonable expenses and then to your obligations.

◆ Except when prohibited by law, we may sue you for additional amounts if the proceeds of a sale do not pay all of the amounts you owe us.

We may take any or all of the actions described above. Our decision not to take any of the actions does not mean that we have lost the right to take any of the actions in the future. In addition, we may require you to pay us immediately, the remaining balance of the amount financed, finance charges and all other agreed charges if you do any of the following:

◆ You fail to pay one or more installment payments under this Contract.

◆ You fail to pay taxes levied against the Property.

◆ You fail to furnish proof of payment of taxes levied against the Property.

Retail Installment Contract-PA
Bankers Systems™ VMP®
Wolters Kluwer Financial Services © 2015

NOT FOR USE IN TRANSACTIONS SECURED BY A DWELLING

WLK-MVLFAZ-PA 12/2/2016

Page 3 of 7

Case 1:20-bk-03426-HWV    Doc 20    Filed 01/21/21    Entered 01/21/21 12:03:59    Desc

The original document is owned by Westlake Services, L.L.C d.b.a. Westlake Financial Services and is held by it, as Custodian,
on behalf of Wells Fargo Bank, National Association, as Agent and Secured Party. This copy was created on Oct 03, 2020 06:37:26 AM.

◆ You use the Property for illegal purposes.

◆ You file for bankruptcy.

◆ You intentionally provide fraudulent and misleading information on a credit application.

We will mail to your last known address any required notice of intended sale or transfer of the Property. You agree that notice is reasonable if mailed to your last known address, as reflected in our records. You agree that notice mailed 15 days before the intended sale or transfer (or such other period of time required by law) is reasonable.

You agree that we may take personal property left in or on the Property subject to your right to recover the personal property.

If the Property has an electronic tracking device, you agree that we may use the device to find the vehicle.

**Buyer's Rights and Duties.** If we have taken back the Property, we may, at our option, return the Property to you if you pay all past due installments, late charges and our costs in retaking the Property, to the extent allowed by law. Your opportunity to get back the Property ends when we sell the Property.

You agree to pay for the costs of a lawsuit allowed by law if we take the Property through legal action. If we retake the Property other than through a lawsuit, you must pay the expenses for taking, repairing, and storing the Property as allowed by law. We may only collect these expenses from you if more than 15 days passed from the day you broke the terms of this Contract to the day we took the Property.

**Statement of Account. At your request, we will provide you with a statement of your account showing information about your payment history, including the dates and amounts of payments you have made and any other credits and charges to your account. It will also provide information about future payments and any other information required by law. We will provide you with one statement of account free of charge. We may charge you a reasonable fee as allowed by law for any additional statements that you request. You can request, and we will provide, a statement of account at any time until one year after this Contract ends.**

**Each and Every Buyer Responsible.** Each of you who signs this Contract agrees to pay this Contract according to its terms. This means the following:

◆ You are responsible for paying amounts owed under this Contract even if another of you has signed this Contract.

◆ We may hold any of you responsible for paying this Contract, even if we choose to give up our right to hold any other of you responsible.

◆ We may give up our interest in the Property and each of you is still responsible for paying this Contract.

◆ If we give up any of our rights, it will not affect your responsibility to pay this Contract.

◆ If we extend new credit or renew this Contract, it will not affect your responsibility to pay this Contract.

**Warranty.** Warranty information is provided to you separately.

**Additional Rights. If you encounter a problem, you may have additional rights under the Unfair Trade Practices and Consumer Protection Law, which is enforced by the Pennsylvania Office of Attorney General, Bureau of Consumer Protection.**

## Security Agreement

**Security.** You give us a security interest in the Vehicle. You also give us a security interest in all attachments, accessories, and equipment installed or placed in or on the Vehicle. We refer to the Vehicle and any items installed or placed in or on the Vehicle as Property. You also give us a security interest in the proceeds of the Property. Our interest will not extend to consumer goods unless you acquire rights to the goods within 10 days after we enter into this Contract or the goods are installed in or affixed to the Vehicle. You assign and give a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

**Buyer's Responsibilities Towards Property.** You agree to the following:

◆ You will defend our security interest in the Property against anyone who claims to have an interest in the Property. You will do whatever is necessary to keep our claim to the Property ahead of the claim of anyone else. Our claim to the Property comes ahead of the claim of any of your other creditors. You agree to sign any additional documents to provide us with any additional information we may require to protect our security interest in the Property.

◆ You will keep the Property in your possession and in good condition. You will only use the Property for its intended and lawful purposes.

◆ You agree not to remove the Property from the U.S. without our prior written consent.

◆ You will not put the Property up for sale without written permission from us. You will not transfer any rights in the Property without first getting our written permission.

◆ You will pay taxes, fees and expenses on the Property when due.

◆ You will notify us of any loss or damage to the Property.

◆ You will provide us reasonable access to the Property for the purpose of inspection. We may lawfully enter and inspect the Property.

**Insurance.** You agree to buy insurance on the Property against risks and for the amounts we reasonably require. In addition:

◆ You will name us as loss payee on any such policy.

◆ We may require added security on this Contract if we permit any insurance proceeds to be used to repair or replace the Property.

◆ If the insurance proceeds do not cover the amounts you still owe us, you will pay the difference.

◆ You will keep this insurance until all debts secured by this Contract are paid.

If you do not buy, maintain, and arrange to have us named as loss payee, as agreed above, you understand and agree:

◆ We may purchase insurance to protect your and our interest in the Property.

◆ The insurance we buy may be from an agent or company you may not choose.

◆ The insurance will not cover your equity in the Property.

◆ The premium we pay may be substantially higher than the premium you might be required to pay for the insurance you have agreed to buy on this Contract.

**Optional Gap Waiver (Debt Cancellation).** In the event of theft or damage to the Vehicle that results in a total loss, there may be a gap between the amount due under the terms of the Contract and the proceeds of your insurance settlement and deductibles. You are liable for this difference. You have the option of purchasing Optional Gap Waiver (Debt Cancellation) to cover the gap liability, subject to any conditions and exclusions in the Optional Gap Waiver (Debt Cancellation) agreements.

## Arbitration Provision

**PLEASE READ CAREFULLY! By agreeing to this Arbitration Provision you are giving up your right to go to court for claims and disputes arising from this Contract:**

◆ **EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN YOU AND US DECIDED BY ARBITRATION, AND NOT BY A COURT OR BY JURY TRIAL.**

◆ **YOU GIVE UP ANY RIGHT THAT YOU MAY HAVE TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER IN ANY CLASS ACTION OR CLASS ARBITRATION AGAINST US IF A DISPUTE IS ARBITRATED.**

◆ **IN ARBITRATION, DISCOVERY AND RIGHTS TO APPEAL ARE GENERALLY MORE LIMITED THAN IN A JUDICIAL PROCEEDING, AND OTHER RIGHTS THAT YOU WOULD HAVE IN COURT MAY NOT BE AVAILABLE.**

Retail Installment Contract-PA
Bankers Systems™ VMP®
Wolters Kluwer Financial Services © 2015

NOT FOR USE IN TRANSACTIONS SECURED BY A DWELLING

WLK-MVLFAZ-PA 12/2/2016

Page 4 of 7

Case 1:20-bk-03426-HWV    Doc 20    Filed 01/21/21    Entered 01/21/21 12:03:59    Desc
The original document is owned by Westlake Services, LLC d.b.a. Westlake Financial Services and is held by it, as Custodian,
on behalf of Wells Fargo Bank, National Association, as Agent and Secured Party. This copy was created on Oct 03, 2020 06:37:26 AM.

Copy of the Electronic Original® document managed by the eCore® On Demand (EOD™) Service.

You or we (including any assignee) may elect to resolve any Claim by neutral, binding arbitration and not by a court action. *"Claim"* means any claim, dispute or controversy between you and us or our employees, agents, successors, assigns or affiliates arising from or relating to: 1. the credit application; 2. the purchase of the Property; 3. the condition of the Property; 4. this Contract; 5. any insurance, maintenance, service or other contracts you purchased in connection with this Contract; or 6. any related transaction, occurrence or relationship. This includes any Claim based on common or constitutional law, contract, tort, statute, regulation or other ground. To the extent allowed by law, the validity, scope and interpretation of this Arbitration Provision are to be decided by neutral, binding arbitration.

If either party elects to resolve a Claim through arbitration, you and we agree that no trial by jury or other judicial proceeding will take place. Instead, the Claim will be arbitrated on an individual basis and not on a class or representative basis.

The party electing arbitration may choose either of the following arbitration organizations and its applicable rules, provided it is willing and able to handle the arbitration: American Arbitration Association, 1633 Broadway, Floor 10, New York, NY 10019 (www.adr.org) or JAMS, 1920 Main Street, Suite 300 Irvine, CA 92614 (www.jamsadr.com), or it may choose any other reputable arbitration organization and its rules to conduct the arbitration, subject to the other party's approval. The parties can get a copy of the organization's rules by contacting it or visiting its website. If the chosen arbitration organization's rules conflict with this Arbitration Provision, the terms of this Arbitration Provision will govern the Claim. However, to address a conflict with the selected arbitration organization's rules, the parties may agree to change the terms of this Arbitration Provision by written amendment signed by the parties. If the parties are not able to find or agree upon an arbitration organization that is willing and able to handle the arbitration, then the arbitrator will be selected pursuant to 9 U.S. Code Sections 5 and 6.

The arbitration hearing will be conducted in the federal district where you reside unless you and we otherwise agree. Or, if you and we agree, the arbitration hearing can be by telephone or other electronic communication. The arbitration filing fee, arbitrator's compensation and other arbitration costs will be paid in the amounts and by the parties according to the rules of the chosen arbitration organization. Some arbitration organizations' rules require us to pay most or all of these amounts. If the rules of the arbitration organization do not specify how fees must be allocated, we will pay the filing fee, arbitrator's compensation, and other arbitration costs up to $5,000, unless the law requires us to pay more. Each party is responsible for the fees of its own attorneys, witnesses, and any related costs, if any, that it incurs to prepare and present its Claim or response. In limited circumstances, the arbitrator may have the authority to award payment of certain arbitration costs or fees to a party, but only if the law and arbitration organization rules allow it.

An arbitrator must be a lawyer with at least ten (10) years of experience and familiar with consumer credit law or a retired state or federal court judge. The arbitration will be by a single arbitrator. In making an award, an arbitrator shall follow governing substantive law and any applicable statute of limitations. The arbitrator will decide any dispute regarding the arbitrability of a Claim. An arbitrator has the authority to order specific performance, compensatory damages, punitive damages, and any other relief allowed by applicable law. An arbitrator's authority to make awards is limited to awards to you or us alone. Claims brought by you against us, or by us against you, may not be joined or consolidated in arbitration with claims brought by or against someone other than you, unless agreed to in writing by all parties. No arbitration award or decision will have any preclusive effect as to issues or claims in any dispute with anyone who is not a named party to the arbitration.

Any arbitration award shall be in writing, shall include a written reasoned opinion, and will be final and binding except for any right to appeal under the Federal Arbitration Act ("FAA"), 9 U.S. Code Sections 1, et seq. Any court having jurisdiction can enforce a final arbitration award. You and we agree that this Arbitration Provision is governed by the FAA to the exclusion of any different or inconsistent state or local law.

You or we can do the following without giving up the right to require arbitration: seek remedies in small claims court for Claims within the small claims court's jurisdiction, or seek judicial provisional remedies. If a party does not exercise the right to elect arbitration in connection with any particular Claim, that party still can require arbitration in connection with any other Claim.

This Arbitration Provision survives any (i) termination, payoff, assignment or transfer of this Contract, (ii) any legal proceeding by you or us to collect a debt owed by the other, and (iii) any bankruptcy proceeding in which you or we are the debtor. With but one exception, if any part of this Arbitration Provision is deemed or found to be unenforceable for any reason, the remainder of this Arbitration Provision will remain in full force and effect. The one exception is that if a finding of partial unenforceability would allow arbitration to proceed on a class-wide basis, then this Arbitration Provision will be unenforceable in its entirety.

**PROCESS TO REJECT THIS ARBITRATION PROVISION.** You may reconsider and reject your approval of this Arbitration Provision by sending a written notice to the Assignee (identified in the Assignment section) or if there is no Assignee, then to Seller. The notice must be postmarked within 30 days of the date you signed this Contract. It simply needs to state your decision to reject the Arbitration Provision in this Contract and include your signature. It must also provide your name, Seller's name and the date of this Contract. Rejecting this Arbitration Provision will NOT affect the terms under which we will finance and sell the Property to you or any other terms of this Contract, except that the Arbitration Provision will not apply.

**CAUTION: It is important that you read this Arbitration Provision thoroughly before you sign this Contract. By signing this Contract, you acknowledge that you read, understand and agree to this Arbitration Provision. If you do not understand this Arbitration Provision, do not sign this Contract; instead ask your lawyer. If you approve this Arbitration Provision, you have an additional 30 days after signing to reconsider and reject your approval, as described above. If you use that process to reject, this Arbitration Provision will not be a part of this Contract, but the rest of this Contract will still be binding and effective.**

### Notices

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

If you are buying a used vehicle: The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.

Sí compra un vehículo usado: La información que ve adherida en la ventanilla forma parte de éste contrato. La información contenida en el formulario de la ventanilla prevalece por sobre toda otra disposición en contrario incluida en el contrato de compraventa.

**Summary Notice - Prepayment, Rebate, Reinstatement and Statement of Account. You may prepay all or part of the amount you owe under this Contract at any time without penalty. If you prepay, you will only pay finance charges that earned and are unpaid and all other amounts due up to the date of prepayment. Payments we receive for any unearned finance charges will be rebated to you. If you break the terms of this Contract we may take back the vehicle (Property). We may, at our option, allow you to get the Property back before we sell it and continue under this Contract (reinstate). If we allow you to reinstate this Contract, you must pay us all past due amounts, late charges and any costs we incurred in retaking the vehicle to the extent allowed by law. At your request, we will provide you with a statement of account with important information about your payment history and amounts owing.**

Retail Installment Contract-PA
Bankers Systems™ VMP®
Wolters Kluwer Financial Services © 2015

NOT FOR USE IN TRANSACTIONS SECURED BY A DWELLING

WLK-MVLFAZ-PA 12/2/2016

Page 5 of 7

Case 1:20-bk-03426-HWV    Doc 20    Filed 01/21/21    Entered 01/21/21 12:03:59    Desc
The original document is owned by Westlake Services, LLC d.b.a. Westlake Financial Services and is held by it, as Custodian,
on behalf of Wells Fargo Bank, National Association, as Agent and Secured Party. This copy was created on Oct 03, 2020 06:37:26 AM.

## Arbitration Provision and Process to Remove

**This Contract contains an Arbitration Provision that affects your rights.** By signing this Contract, you agree that either of us may request and require the other to resolve disputes or claims through arbitration instead of a lawsuit. The Arbitration Provision includes a process you can follow in the next 30 days if you reconsider and want to reject the Arbitration Provision.

## Acknowledgment for Electronic Signatures

☒ **Electronic Signature Acknowledgment.** You agree that (i) you viewed and read this entire Contract before signing it, (ii) you signed this Contract with one or more electronic signatures, (iii) you intend to enter into this Contract and your electronic signature has the same effect as your written ink signature, (iv) you received a paper copy of this Contract after it was signed, and (v) the authoritative copy of this Contract shall reside in a document management system held by Seller in the ordinary course of business. You understand that Seller may transfer this Contract to another company in the electronic form or as a paper version of that electronic form which would then become the authoritative copy. Seller or that other company may enforce this Contract in the electronic form or as a paper version of that electronic form. You may enforce the paper version of the Contract copy that you received.

## Signature Notices

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this Contract and retain its right to receive a part of the Finance Charge.*

You authorize us to obtain information about you and the Property you are buying from the state motor vehicle department or other motor vehicle registration authorities.

## Signatures

**Entire Agreement.** Your and our entire agreement is contained in this Contract. There are no unwritten agreements regarding this Contract. Any change to this Contract must be in writing and signed by you and us.

eSigned By: *Corey Farris*
Oct 03, 2020 6:36:18 AM PDT

By: Corey A Farris      10/3/2020
                              Date

By: _____
                              Date

By: _____
                              Date

[This area intentionally left blank.]

---

By signing below, you agree to the terms of this Contract.

**NOTICE TO BUYER. Do not sign this contract in blank.** You are entitled to an exact copy of the contract you sign. Keep it to protect your legal rights. Any holder of this consumer credit contract is subject to all claims and defenses which the buyer could assert against the seller of goods or services obtained pursuant hereto or with the proceeds hereof. Recovery hereunder by the buyer shall not exceed amounts paid by the buyer hereunder.

**Buyer**

eSigned By: *Corey Farris*
Oct 03, 2020 6:36:18 AM PDT

By: Corey A Farris      10/3/2020
                              Date

By: _____
                              Date

By: _____
                              Date

**Seller**   Kyner's Auto Sales Inc.

eSigned By: *derek mann*
Oct 03, 2020 6:34:56 AM PDT

By:                                  10/3/2020
                              Date

**By signing below, you acknowledge that you received a completely filled-in copy of this Contract and that you had the opportunity to read and review the Contract before you signed it.**

**Buyer**

eSigned By: *Corey Farris*
Oct 03, 2020 6:36:18 AM PDT

By: Corey A Farris      10/3/2020
                              Date

By: _____
                              Date

By: _____
                              Date

---

Retail Installment Contract-PA
Bankers Systems™ VMP®
Wolters Kluwer Financial Services © 2015

NOT FOR USE IN TRANSACTIONS SECURED BY A DWELLING

WLK-MVLFAZ-PA 12/2/2016

Page 6 of 7

Case 1:20-bk-03426-HWV   Doc 20   Filed 01/21/21   Entered 01/21/21 12:03:59   Desc
Main Document   Page 18 of 20

The original document is owned by Westlake Services, LLC d.b.a. Westlake Financial Services and is held by it, as Custodian, on behalf of Wells Fargo Bank, National Association, as Agent and Secured Party. This copy was created on Oct 03, 2020 06:37:26 AM.

Copy of the Electronic Original® document managed by the eCore® On Demand (EOD™) Service.

**Transfer.** This Contract and Security Agreement is transferred to

Westlake Financial

4751 Wilshire Blvd Ste 100 Los Angeles CA 90010 ,

the Transferee, phone (800) 641-6700 . This transfer is made under the terms of a separate agreement made between the Seller and Transferee.

☐ This Transfer is made ☐ with legal liability. ☐ without legal liability.

**Seller** Kyner's Auto Sales Inc.

eSigned By:
*derek mann*
Oct 03, 2020 6:34:56 AM PDT

10/3/2020

**By:** **Date**



The original document is owned by Westlake Services, LLC d.b.a. Westlake Financial Services and is held by it, as Custodian, on behalf of Wells Fargo Bank, National Association, as Agent and Secured Party. This copy was created on Oct 03, 2020 06:37:26 AM.

Retail Installment Contract-PA
Bankers Systems™ VMP®
Wolters Kluwer Financial Services © 2015

NOT FOR USE IN TRANSACTIONS SECURED BY A DWELLING

WLK-MVLFAZ-PA 12/2/2016

Page 7 of 7

Case 1:20-bk-03426-HWV Doc 20 Filed 01/21/21 Entered 01/21/21 12:03:59 Desc Main Document Page 19 of 20



Collateral Management Services
9750 Goethe Road | Sacramento, CA 95827
www.dealertrack.com

# Westlake Financial Services

## Lien and Title Information

### Account Information

| | | | |
|---|---|---|---|
| **Account Number** |  | **Financed Date** | 10/6/2020 |
| **Loan Number** | | **Perfected Date** | 10/7/2020 |
| **Branch** | GOLD | **Payoff Date** | |
| **Borrower 1** | FARRIS, COREY A | **Dealer ID** | 6249328 |
| **Borrower 2** | | **Dealer** | KYNER'S AUTO SALES |
| **Borrower Address** | | **Dealer Address** | 2040 LINCOLN WAY E |
| | | | CHAMBERSBURG, PA 17202 |

### Lienholder

| | |
|---|---|
| **ELT Lien ID** | 12100035801 |
| **Lienholder** | Westlake Financial Services |
| **Lienholder Address** | PO Box 997592 |
| | Sacramento, CA 95899-7592 |
| **Lien Release Date** | |

### Vehicle and Titling Information

| | | | |
|---|---|---|---|
| **VIN** | JF2GPADC9G8262598 | **Issuance Date** | 10/7/2020 |
| **Title Number** | 76016971 | **Received Date** | 10/7/2020 |
| **Title State** | PA | **ELT/Paper** | ELECTRONIC |
| **Year** | 2016 | **Odometer Reading** | 71072 |
| **Make** | SUBA | **Branding** | |
| **Model** | | | |
| **Owner 1** | FARRIS,COREY ALLEN | | |
| **Owner 2** | | | |
| **Owner Address** | | | |

**Printed:** Thursday, January 21, 2021 7:50:11 AM PST